THE PEOPLE, on the relation of James E. Jennings, *vs.* THE JUDGES OF THE MAYOR'S COURT OF NEW-YORK.

MOTION for a mandamus.   On the *eighteenth* day of December, 1824, the relator sued out an attachment, under the act authorizing the arrest of ships and vessels for debts, (1 *R. L.* 130,) against the steam-boat Bristol, her tackle, apparel and furniture, returnable at the December term of the mayor's court in N. Y.   The proceedings were removed into this court by certiorari; and in August, 1825, a judgment was docketed in favor of the plaintiff for about $1200.   On the appropriation of the proceeds of the vessel, although others obtain judgment before him. There is no *pro rata* distribution in such cases.

*In proceedings under the statute against ships and vessels, (1 R. L. 130,) when there are sundry attachments, the creditor who first sues out an attachment is entitle to a preference in*

the *seventeenth* day of December, 1824, a similar attachment had been sued out against the same vessel, in favor of one George Birkbeck, the proceedings in which also were removed into this court; and in November, 1826, a judgment was docketed in favor of Birkbeck for about $4800. After those attachments were issued, and previous to judgments being rendered on the same, a third attachment was sued out against the same vessel, in favor of Joseph Martin and others, in which proceeding a judgment was obtained in the mayor's court, for the sum of $238, on which a writ of *venditioni exponas* issued; and in March, 1825, the steam-boat was sold for $4000, and the money brought into court.

The vessel was bought in by Jacob Barker, as the agent of all the creditors except Jennings, who had claims against the same; and in April, 1825, the whole avails of the sale, except $1420, were paid to Barker as such agent; the balance being retained in court to abide a future order to be made on the question, whether the same should be paid to Jennings or to Birkbeck. After Jennings obtained his judgment, he applied to the mayor's court for the appropriation of the monies remaining in court, to the satisfaction of his judgment, which application being denied, a mandamus is now applied for directing such appropriation.

*G. Wilson*, for relator.

*D. Selden*, contra.

*By the Court*, SAVAGE, C. J. This application is urged on one of two grounds: either that the relator is entitled to a *pro rata* distribution, or that by his superior diligence in obtaining judgment, he has gained a preference, and is entitled to satisfaction of his demand, to its full amount; neither of which positions can be sustained. This is a proceeding *in rem*, and must be governed by the principles which prevail in admiralty proceedings. In *Clerke's Admiralty Practice, tit. 44, p. 89*, it is said, "If any one be indebted to divers persons, and different warrants are sued out against his property, which is attached for the purpose of securing the payment of the debts, if the goods attached be not sufficient for

the payment of all the creditors, he is to be preferred who instituted *the first action,* or procured the goods to be attached; and this same order is to be observed respecting the other creditors, if any property remain after the first creditor has been paid, although there be not sufficient to discharge all the claims." (See 1 *Atk.* 296.) In *Massachusetts,* under the attachment law of that state, the same rule prevails. The party who first attaches, although he may be delayed in obtaining judgment, is first paid ; and the other creditors, in the order in which the attachments issued. Our statute makes no provision for a *pro rata* distribution ; and as the attachment operates as a lien from the moment it is executed, the party who first institutes the proceeding, has a priority. Whether Jennings has a preference to any of the other creditors besides Birkbeck, represented by Barker, is immaterial; as the judgment obtained by Birkbeck is to an amount exceeding the whole avails of the vessel. The delay of Birkbeck in obtaining judgment, does not affect his rights, which attached upon the suing out of the process. The judgment was necessary to be perfected, to show the extent of his demand ; but not to entitle him to a preference. If Jennings conceived himself injured by the delay of Birkbeck, he might have taken measures to expedite his proceedings ; but the judgment being perfected, he has no right now to complain of the delay, which occurred in its rendition.

Motion denied.