TRITONE, The (LLADO v.). See Case No. 8,-427.

———

## Case No. 14,182.

### The TRIUMPH.

[2 Blatchf. 433, note;[1] 15 Law Rep. 427, note.]

District Court, N. D. New York. July 27, 1841.

MARITIME LIENS—HOW LIEN AFFECTED—PRACTICE IN ADMIRALTY—PRIORITIES.

[1. In admiralty the first libelant seizing the property is entitled to a preference over all other claims of no higher character than his.]

[Cited in brief in The Pathfinder, Case No. 10,-797. Cited in The Minnie R. Childs, Case No. 9,640; The J. W. Tucker, 20 Fed. 130; The Battler, 67 Fed. 253.]

[2. A maritime lien renders the property liable to the claim without a previous judgment or decree of court, as is necessary at common law. The action in rem merely carries this lien into effect.]

[Followed in The Globe, Case No. 5,483. Cited in The Young Mechanic, Id. 18,180; The Frank G. Fowler, 8 Fed. 332.]

The vessel having been sold under a decree and the proceeds paid into court, a question arose as to the proper distribution of the proceeds, they being insufficient to satisfy all the demands preferred against them. Various libels had been filed against the vessel, and thirteen attachments had been issued and served upon her or her proceeds, and petitions were also brought in by other parties setting up claims to the fund in court. Suits were brought by different seamen on the same voyage, by seamen on different voyages, by the assignees of wages of seamen, and by material men for labor, supplies, materials, &c. [For a libel by James Hill and others against the vessel to recover a balance of wages due them on a voyage from New Orleans to New York, see Case No. 6,500.] The actions by the material men were not brought in the order of time in which their debts accrued.

After passing upon the rights of the respective suitors to a remedy in the court, and in the form of procedure adopted by them, BETTS, District Judge, proceeded as follows:

"The remaining inquiry relates to the order in which the different demands are to be satisfied when of like rank. Are they to be paid pro rata, or does the prosecuting creditor who first obtains service of process upon the property, acquire a right to the

first satisfaction? And, if any of the demands stand in a common rank, are the costs attending their prosecution entitled to preference in payment? An action in rem stands on a distinct footing from a suit at common law or in chancery. The thing arrested is in sequestration to satisfy the specific demand thus fastened upon it. Whether the res, in kind, remains in court, in the custody of the law, to the termination of the suit, or is delivered up on stipulation, itself or its substitute remains subject to the particular claim, and is detained on that alone. The moment the attaching demand is satisfied, the thing attached is surrendered by the court, and nothing short of another attaching process will justify its longer detention. If other suits are instituted after the property is delivered on bail, (that bail, according to our practice, responding only to the particular suit,) most manifestly the after-demands could not be attached to the fund so raised. And, if the property is not yet delivered out of court, subsequent arrests of it, while there in custody, would no more enure to place the subsequent actions on an equality with the one holding it under seizure, than they would when it stood released on bond or stipulation.

"The meaning and efficacy of a maritime lien is, that it renders the property liable to the claim without a previous judgment or decree of the court, sequestering or condemning it, or establishing the demand, as at common law, and the action in rem carries it into effect. Ingraham v. Phillips, 1 Day, 117; Barber v. Minturn, Id. 136. Thus, the appropriation of the res to that end becomes absolute and exclusive on suit brought, unless superseded by some pledge or lien of paramount order; and, it accordingly results, from the nature of the right and the proceedings to enforce it, that the first action which seizes the property is entitled to hold it, as against all other claims of no higher character. Clerke, Praxis, Adm. tit. 44; Hall, Adm. 89; People v. Judges of New-York, 1 Wend. 39. The lien, so termed, is, in reality, only a privilege to arrest the vessel for the debt, which, of itself, constitutes no incumbrance on the vessel, and becomes such only by virtue of an actual attachment. Hall, Adm. tit. 44; Abb. Shipp. pt. 2, c. 3, 142; 3 Kent, Comm. 169, 170; People v. Judges of New-York, 1 Wend. 39.

"[Applying these principles to the case before the court, the prosecuting creditors, except seamen suing for wages, are to be satisfied in the order in which the warrants of arrest were served upon the property, whether the vessel in kind, or her proceeds in court. Each action, with its appropriate costs, comes upon the fund according to the period of its commencement.]"[2]

———

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [From 15 Law Rep. 427, note.]