THE BATTLER.

NEALL v. WESTERN ASSUR. CO. et al.

(District Court, E. D. Pennsylvania. March 8, 1895.)

No. 115.

1. MARITIME LIENS—DISTRIBUTION OF FUND—LIMITATION OF LIABILITY.

Holders of maritime liens of the same class are entitled, especially in proceedings for limitation of liability, to pro rata distribution, without regard to the dates of issuing process or obtaining decrees, unless their rights have been forfeited.

**2. Same—Forfeiture by Laches.**
Where the owner of tows lost by a tug invited the insurer of their cargoes to join with him in a suit against the tug, and the insurer refused to do so, but, after the tug's liability had been established by a decree, then filed a separate libel, *held*, that it had waived its right to share pro rata with the original libelant, and was only entitled to the surplus, if any, after his decree was satisfied. Woodworth v. Insurance Co., 5 Wall. 87, followed.

Sur exceptions to the report of the commissioner appointed by virtue of the petition of Frank M. Neall, trustee, as owner of the steam tug Battler, for limitation of liability for damages claimed from loss or injury by the sinking of the barges Tonawanda and Wallace while in charge of the Battler.

The original suit was brought by John J. Schrader, as owner of the said barges, on December 9, 1889, and was heard on May 23, 1893; and on June 13, 1893, an interlocutory decree was made in favor of the libelant. See 55 Fed. 1006. A commissioner was then appointed to compute and report the amount of damages. On October 20, 1893, before the taking of testimony upon the matter of damages was completed, a libel was filed against the tug by the Western Assurance Company of Toronto, Canada; the said company being the underwriters of coal shipped on the said barges at the time of the loss. The damages claimed in this libel were $13,688.31. Service of the writ, however, was not effected, and on October 28, 1893, Frank M. Neall, trustee, filed this petition for a limitation of liability. See 58 Fed. 704. On November 3, 1893, in accordance therewith, a commissioner was appointed to ascertain the value of the tug, and it was found to be $20,784.22. A bond in that amount having been entered by the owners of the tug, it was ordered that further prosecution of all suits in respect to claims in said matter should be restrained, and the commissioner whose report is now passed upon was appointed for the purpose of hearing proof of claims. He allowed the claims of Schrader to the amount of $19,701.26, with interest thereon from the date of the sinking of the barges, viz. September 10, 1889, to the date of the filing of the decree, the amount of which when added to the face of the claim would exceed the amount of the bond entered, basing his decision upon Woodworth v. Insurance Co., 5 Wall. 89, and The Saracen, 6 Moore, P. C. 56. The proofs showed that Schrader and the other parties interested had invited the assurance company to join with them in the original suit; that the said company had agents in Philadelphia to attend to their interest in the premises; and that, from correspondence and other evidence, it was evident to the commissioner that no steps had been taken or were intended to have been taken by the company except the outcome of the original suit was successful.

N. Dubois Miller and J. Rodman Paul, for libelants.

John F. Lewis, Edwin F. Pugh, and Henry Flanders, for respondents.

BUTLER, District Judge. As respects the tug's liability, I am asked to reconsider the subject in the light of testimony presented by the assurance company before the commissioner. This testimony was produced solely to account for the company's delay in making claim, and is of no material value in considering the question of liability. It consists mainly of opinions of the company's agents based upon what they learned after the occurrence. One or more of them visited the locality of the accident to ascertain the feasibility of reclaiming some part of the cargo, and for that purpose alone. The testimony shows that this was the subject of their inquiries, and that the question of the tug's liability was not mooted. These opin-

ions are not evidence against the original libelant. To the extent that the witnesses state facts, I have considered their statements, but find nothing in them that answers the testimony on which the tug was condemned.

As respects the assurance company's claim to participate in the distribution, the question is interesting, if not difficult. In the absence of Woodworth v. Insurance Co., 5 Wall. 87, I would allow the claim. After a careful examination, I am satisfied that a decree in favor of one lien holder does not of itself entitle him to a preference over others of the same class (in this country), where the proceeds of a vessel are in court for distribution. Neither the date of issuing process nor obtaining a decree is important in this respect.

But especially is this so where the proceeding is governed by the act of congress for limitation of vessel owners' liability. All parties having liens are entitled to share in the distribution, unless their rights have been forfeited. Henry, Adm. 201; The Martha, No. 44 of 1884, Dist. Ct. E. D. Pa.; The Sarah, No. 56 of 1880, Dist. Ct. E. D. Pa.; The E. A. Barnard, 2 Fed. 719; The City of Tawas, 3 Fed. 173; U. S. v. Ames, 99 U. S. 35; The Rose Culkin, 52 Fed. 331; The Benefactor, 103 U. S. 244; The City of Norwich, 118 U. S. 491 [6 Sup. Ct. 1150]; Providence & N. Y. S. S. Co. v. Hill Manuf'g Co., 109 U. S. 578 [3 Sup. Ct. 379, 617]; The Triumph, 2 Blatchf. 433, note [Fed. Cas. No. 14,182]; The Saracen, 6 Moore, P. C. 56; The Phebe, 1 Ware, 365 [Fed. Cas. No. 11,065]; The Fanny, 2 Low. 509 [Fed. Cas. No. 4,638]; The America, 16 Law Rep. 264 [Fed. Cas. No. 288]; The Arcturus, 18 Fed. 744; The J. W. Tucker, 20 Fed. 131; The Julia, 57 Fed. 235.

Aside from this question, however, I am unable to distinguish the case before me from that of Woodworth v. Insurance Co., 5 Wall. 87. In that case the supreme court held that where one of two parties injured in a collision institutes proceedings against the vessel in fault, and at his own expense prosecutes the suit to condemnation, the other, who has contributed nothing to establish the vessel's liability, but has stood by, taking no part, cannot share the proceeds of the vessel, or receive any thing therefrom until the claim of the other has been satisfied. Here the assurance company not only stood by, doing nothing, but as the commissioner has found, refused to assist when requested. Indeed it discouraged, or sought to discourage, the original libelant by suggesting difficulties in the way of a recovery. Under such circumstances the supreme court seems to regard it as inequitable to allow one occupying the position of the assurance company to participate in the distribution, and therefore treats him as having waived or forfeited his claim in so far as the original libelant is concerned.

All exceptions are dismissed and the report confirmed.